# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES NELSON FAY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:08CV344 TIA |
| AL LUEBBERS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that the petition is untimely and petitioner is not entitled to relief. As a result, the petition will be dismissed.

## Background

On May 6, 2005, petitioner James Nelson Fay ("petitioner") plead guilty to a Class C felony of deviate sexual assault for events that occurred in December of 2005 involving illegal sexual conduct between petitioner and his developmentally challenged neighbor. Petition at 1; Doc 1-2 at 30. Petitioner was sentenced to six (6) years in the Missouri Department of Corrections. Petition at 1. He did not file a direct appeal.

## Timeliness Analysis

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent argues that the petition is untimely and that petitioner is not entitled to equitable tolling. The United States Court of Appeals for the Eighth Circuit has held that equitable tolling is proper only when extraordinary

circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. Jihad v. Hvass, 267 F.3d 803, 805-06 (8th Cir. 2001). Equitable tolling, however, is "an exceedingly narrow window of relief." Id. at 805. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

As discussed above, petitioner pled guilty and was sentenced on May 6, 2005. Petition at 1. He did not file a direct appeal, therefore, his conviction became final on May 16, 2005, and the statute of limitations expired one year later, on May 16, 2006. Petitioner did file a habeas corpus petition in St. Francois County on December 4, 2006 and he filed a second habeas petition with the Missouri Court of

3

Appeals Eastern District on October 24, 2007. Petitioner then filed a third habeas petition with the Missouri Supreme Court on December 27, 2007. Petitioner was denied relief by all three state courts.

Petitioner alleges that he is entitled to equitable tolling because his federal habeas corpus application did not come available until he exhausted all state remedies in the lower courts. The Eighth Circuit has held that the one-year limitations period for filing habeas petition is not tolled by state court application for post-conviction relief, where state application was not pending during the limitations period. Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003). In this case, petitioner's state applications were not pending during the limitations period. Petitioner filed all three of his state habeas petitions after the one-year limitations period had already run. As a result, petitioner's tolling argument regarding the availability of his habeas claim fails.

Additionally, his claim regarding being "affirmatively lulled" into inaction lacks factual support. Petitioner's lack of legal knowledge and resources, and failure to recognize the legal ramifications of his actions, are inadequate to warrant equitable tolling. Shoemate, 390 F.3d at 598. As a result, this argument fails as well.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** due to untimeliness.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of March, 2011.